Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9823 | **DATE** | 1/14/2013 |
| **CASE TITLE** | *Peters v. Unknown Illinois State Parole Officer, et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to proceed in forma pauperis [4-1] is granted while Plaintiff's motion for appointment of counsel [5-1] is denied. The Marshal is directed to serve the complaint on the one named defendant, Lawrence Winfield. Any forms necessary for the Marshal to serve the defendant shall be forwarded to Plaintiff and his failure to return the forms to the Marshal may result in dismissal of that defendant. Service shall not be made on the unknown defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is advised that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize a plaintiff to proceed in forma pauperis if he is unable to pay the mandated court fees. A plaintiff need not be penniless to proceed in forma pauperis under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed in forma pauperis if payment of the filing fee will prevent him from providing for life's necessities. *Id*. In his affidavit, Plaintiff attests that he has no assets and $1,000/month in wages. He also states that in addition to his monthly wages, he received in the last year $300 in wages and a gift of $2,000. Because Plaintiff's financial affidavit indicates that he is entitled to proceed in forma pauperis, his motion to do so is granted.

A court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(d)(2). Plaintiff alleges that he was released from the Illinois Department of Corrections on December 10, 2010 and was directed, upon his arrival at home, to call and check in with his parole officer. (Compl., ¶ 1, 4.) Plaintiff contends that when he called, he was told that he was on "lockdown" and should not go anywhere pending the arrival of his parole officer, who would be at Plaintiff's home within 72 hours. (*Id*. ¶ 5.) Plaintiff contends that neither his assigned parole officer, defendant Lawrence Winfield, nor any other officer came to his house until December 26, 2010, 2 ½ weeks later. (*Id*. ¶ 7.) Because he was told not to leave his house until he had met with his parole officer, he missed certain Christmas activities with his family. In determining whether a complaint fails to state a claim, the Court takes all well-pleaded allegations as true and views them in a light most favorable to the plaintiff. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). In addition, "a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Id*. (citation omitted). To prevail under § 1983 for an unlawful detention claim, Plaintiff must establish that the government's conduct constituted a seizure and that the seizure was unreasonable. *Bielanski v. County of Kane*, 550 F.3d 632, 637 (7th Cir. 2008). Plaintiff's allegations are sufficient to state a claim for relief under § 1983.

As to his motion for appointment of counsel, while "[t]here is no constitutional or statutory right

| STATEMENT |
|---|
| tocounsel in federal civil cases," the Court has "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (*citing Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). In determining whether to request counsel to represent Plaintiff, this Court considers whether: (1) Plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether the plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851–52 (*citing Pruitt*, 503 F.3d at 654–55).<br><br>    After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case at this time. Neither the claims nor the evidence that might support Plaintiff's claims appear so complex or intricate that a trained attorney is necessary. Thus, the Court declines to appoint counsel for Plaintiff; however, it is willing to revisit the issue at a later time, if necessary. |
| |